WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Idearc Media, LLC, ) | No. CV 09-2147-PHX-JAT |
| ) Plaintiff, ) | |
| ) vs. ) | **ORDER** |
| ) Palmisano & Associates, P.C., Palmisano ) Law, PLLC, ) | |
| ) Defendants. ) | |

Pending before the Court is Plaintiff's Motion to Vacate Order Dismissing Palmisano Law, PLLC without Prejudice or, in the alternative, for Leave to File Second Amended Complaint (Doc. 22). The Court now rules on the Motion.

**I.     BACKGROUND**

On October 13, 2009, Plaintiff filed a Complaint against Palmisano and Associates, P.C. ("Palmisano and Associates") and Palmisano Law PLLC ("Palmisano Law") alleging, among other things, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. (Doc. 1). The Complaint was amended and filed on November 17, 2009 to adequately plead jurisdiction. (Doc. 11). On November 19, 2009, Defendants filed a Notice of Filing Bankruptcy. (Doc. 12). On December 3, 2009, the Parties stipulated to dismiss Defendant Palmisano Law from this action without prejudice. (Doc. 14). The Stipulation was premised on Joseph P. Palmisano's Declaration, as the Manager and sole member of Palmisano Law, that Palmisano Law was not an operating entity and had no assets or revenue. (Doc. 14-1). The same day, this Court entered an Order

1  granting the stipulation and dismissing Defendant Palmisano Law, without prejudice. (Doc.
2  15). The case has remained pending against Defendant Palmisano & Associates and the
3  Court has held several status conferences regarding the status of Palmisano & Associates'
4  bankruptcy case. (Doc. 16, 17, 18, 19, and 20). The bankruptcy proceedings have now
5  terminated without discharge of any of the claims in this lawsuit. (Doc. 22 at 2).

6  Plaintiff seeks an Order vacating this Court's December 3, 2009 Order granting the
7  Stipulation to Dismiss Palmisano Law without prejudice or, in the alternative, requests leave
8  to amend its Complaint. Plaintiff asserts that, when it contacted Joseph Palmisano
9  ("Palmisano") to discuss reinitiating the current litigation, Palmisano informed it that
10 Palmisano and Associates was no longer operating and had no assets, but that Palmisano was
11 now practicing law at Palmisano Law. (Doc. 22 at 2). Plaintiff argues that, because
12 Palmisano Law is a successor in interest to Palmisano & Associates and is now an operating
13 entity contrary to the stipulation entered into by the Parties, the Court should vacate the
14 Order dismissing Palmisano Law or grant Plaintiff leave to amend to assert claims against
15 Palmisano Law that were previously dismissed without prejudice. (*Id.*).

16 **II.    ANALYSIS**

17 **A.    Whether Plaintiff's Claims are Time-Barred**

18 Plaintiff's allegations against Defendants arise from an alleged breach of contract.
19 Palmisano Law argues that Plaintiff's Complaint is time-barred because it does not relate back
20 to the dates of the original Complaint because the "New Entity" (presumably Palmisano Law)
21 was not in business at the time of the filing of the Complaint. (Doc. 23 at 9-10). In response,
22 Plaintiff argues that its Complaint does relate back because Palmisano Law had notice of the
23 claims in the original Complaint, as it was named as a defendant and served with that
24 Complaint. (Doc. 26 at 8). Further, Plaintiff argues that even if its claims against Palmisano
25 Law did not relate back, its contract claim would still be timely because it is within the six
26 year statute of limitations. (Doc. 26 at 8).

27 Federal Rule of Civil Procedure 15(C) provides:

28

- 2 -

> An amendment to a pleading relates back to the date of the original pleading when . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The Court agrees with Plaintiff that the claims against Palmisano Law clearly relate back to the original Complaint. As the Complaint was originally served on Palmisano Law and Palmisano Law was originally a party, the claims arise out of the same conduct, transaction, or occurrence as the original Complaint and Palmisano Law had notice of the claims Plaintiff asserted against it.

Because amendment would not be time barred, the Court will consider that merits of Plaintiff's Motion to Amend.

### B. Motion to Amend

Plaintiff moves for leave to amend its Complaint pursuant to Federal Rule of Civil Procedure 15(a). While the decision to grant or deny a motion to amend is within the discretion of the district court, it is necessary for the Court to heed Rule 15(a)'s mandate that "leave to amend 'shall be freely given when justice so requires.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal citation omitted). "In exercising its discretion with regard to the amendment of the pleadings, 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). This "'policy of favoring amendments to pleadings should be applied with extreme liberality." *Id.* (quoting *Webb*, 655 F.2d at 979).

A Court must consider the following factors in determining whether a motion to amend should be granted: (1) whether the pleading at issue has been previously amended, (2) futility of the amendment, (3) bad faith, (4) undue delay, and (5) prejudice to the opposing party.

*Foman*, 371 U.S. at 182; *see also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991); *W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). "Significantly, '[t]he party opposing amendments bears the burden of showing prejudice,' futility, or one of the other permissible reasons for denying a motion to amend." *Farina v. Compuware Corp.*, 256 F.Supp.2d 1033, 1060 (D. Ariz. 2003) (quoting *DCD Programs*, 833 F.2d at 187).

In this case, the Complaint has only been amended once to adequately plead jurisdiction, and there is no showing of bad faith or undue delay. Thus, the Court will consider whether the amended complaint is futile and whether allowing the amendment would prejudice Palmisano Law.

**1. Futility**

A proposed amendment is futile when no set of facts can be proven under the amendment that would establish a valid and sufficient claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *see also DCD Programs*, 833 F.2d at 186 (stating that an amendment should be liberally granted where from the underlying facts or circumstances, the moving party may be able to state a claim).

Palmisano Law argues allowing Plaintiff to amend would be futile because Palmisano Law is not a successor in interest to Palmisano and Associates and the Court should consider summary judgment-type-evidence in deciding the Motion to Vacate/Motion to Amend since Palmisano Law will ultimately be entitled to summary judgment on the successor-in-interest issue. In response, Plaintiff argues that it would be inappropriate for the Court to decide whether amendment is warranted on a summary judgment standard and Plaintiff is entitled to discovery before the Court decides summary judgment on this issue.

Palmisano Law does not argue, nor could it, that no set of facts can be proven under the amendment that would establish a valid and sufficient claim. Rather, it argues that once the Court considers all of the disputed facts, it will be entitled to summary judgment on

Plaintiff's claims. In this case, it would be inappropriate to consider summary-judgment-type evidence[1] in deciding the Motion to Amend and Palmisano Law has not otherwise shown that amendment would be futile. Accordingly, amendment would not be futile in this case.[2]

### 2. Prejudice

Palmisano Law relies on futility alone to dispute Plaintiff's Motion to Amend. Palmisano Law has not met its burden of showing that it will be prejudiced by an amendment in this case and, thus, the Court is unable to find that allowing the amendment would prejudice Palmisano Law.

### C.     Motion to Vacate

Plaintiff requests that the Court either Vacate its Order granting the Stipulation to Dismiss Palmisano Law without prejudice or, in the alternative, grant Plaintiff leave to amend. The Court has already found that amendment is appropriate in this case. In the unique circumstances of this case, whether the Court vacates its order granting the stipulation or

---

[1] Palmisano Law cites to *Walls v. Arizona Dep't of Public Safety*, 826 P.2d 1217, 1222 (Ariz. Ct. App. 1991) to support its argument that a Court should consider summary-judgment- type evidence when considering a Motion to Amend. In *Walls*, the Arizona Court of Appeals noted that the trial court did not state its reasons for denying a motion to amend the complaint after the trial court had already received a motion for summary judgment. *Id.* The Court of Appeals assumed that "futility of the amendment" was the reason the trial court considered the merits of the issue raised by the motion for summary judgment, rather than granting leave to amend. *Id. Walls* is inapposite to the situation before the Court. In this case, no motions for summary judgment have been filed, the parties have not had the opportunity to engage in discovery, and the facts underlying whether Palmisano Law is a successor in interest to Palmisano & Associates are disputed. It would not be appropriate for the Court to determine summary judgment at this stage of the proceedings.

[2] The Court notes that, at oral argument, Palmisano Law argued that allowing amendment of the Complaint would be futile because the Complaint does not meet the requirements of *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court does not equate futility with whether the factual allegations of a complaint are sufficient to raise the right to relief above a speculative level or put Defendant on notice of Plaintiff's claims. Such arguments are properly made in a motion to dismiss for failure to state a claim upon which relief can be granted.

requires Plaintiff to file an amended Complaint, the result would be exactly the same. Defendants have not yet filed a Response to the original Complaint and the original Complaint names Palmisano Law as a Defendant.

Rule 60(b)(6) provides that relief from a final judgment may be granted for any reason "that justifies relief" other than those listed in 60(b)(1)-(5). Rule 60(b)(6) is thus a catch-all provision that "'has been used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). Because Rule 60 should be used sparingly and Rule 15(a) provides the same essential relief in this case, Plaintiff's Motion to Vacate is denied and Plaintiff's Motion to Amend is granted.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Vacate Order Dismissing Palmisano Law, PLLC without Prejudice or, in the alternative, for Leave to File Second Amended Complaint (Doc. 22) is granted in part and denied in part as set forth herein.

Plaintiff shall comply with LRCiv 15.1, which requires that Plaintiff file and serve the amended complaint on all parties within fourteen days of this Order.

**IT IS FURTHER ORDERED** that Defendants shall answer or otherwise respond to Plaintiff's amended complaint within ten days of being served.

DATED this 12th day of April, 2012.

James A. Teilborg
United States District Judge