WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Idearc Media, LLC, | No. CV-09-02147-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Palmisano & Associates, P.C., an Arizona professional corporation and Palmisano Law, PLLC, an Arizona professional limited liability company, | |
| Defendants. | |

Pending before the Court are: (1) Defendants' Motion for Reconsideration (Doc. 66)[1] and (2) Plaintiff's Motion for Attorneys' Fees (Doc. 63). The Court now rules on the Motions.

On December 3, 2012, Plaintiff moved for summary judgment on all of the claims in its amended complaint. (Doc. 48). The claims in Plaintiff's Amended Complaint were breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and open account. (Doc. 32). The Court found that Plaintiff was entitled to summary judgment on its breach of contract claim against Defendant Palmisano &

---

[1] Although Defendants requested oral argument on their Motion for Reconsideration, oral argument would not aid the Court's decisional process. Accordingly, Defendants' request for oral argument is denied. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

Associates. (Doc. 61). The Court also found that Plaintiff was entitled to summary judgment against Defendant Palmisano Law on its breach of contract claim on a successor liability theory of mere continuation. (*Id.*). Because the Court found that Defendants were liable for breach of contract, the Court dismissed Plaintiff's alternative theories of liability. (Doc. 61 at 18 n.1).

## I.   Defendants' Motion for Reconsideration (Doc. 66)

Defendants seek reconsideration of this Court's Order granting summary judgment to Plaintiff. Defendants assert they are moving for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 66 at 1).

Under Rule 59(e), a motion to alter or amend the judgment may be granted only on one of four grounds: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and citations omitted; emphasis omitted). Such motions are disfavored and are not the place for parties to make new arguments not raised in their original briefs. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988). Nor should such motions ask the Court to "rethink what the court has already thought through—rightly or wrongly." *See United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Defendants do not discuss how the Rule 59(e) standard applies in this case. Rather, Defendants identify three bases for reconsideration: (1) the Court erred in failing to consider parol evidence (Doc. 66 at 1); (2) the Court "wrongly" interpreted Arizona appellate cases dealing with successor liability (Doc. 66 at 2); and (3) "[t]he Court order is silent on Plaintiff's claims regarding Alter Ego and Unjust Enrichment, so the Judgment is not a final Judgment subject to appeal because it does not deal with all

1 claims raised by Plaintiff." (*Id.* at 2). Defendants also attached a new declaration in support of their response to Defendants' Motion for Summary Judgment to their Motion for Reconsideration. (Doc. 66-1).

With regard to Plaintiff's arguments that the Court erred in failing to consider parol evidence and that the Court wrongly interpreted Arizona appellate cases dealing with successor liability, Defendants fail to meet any standard justifying reconsideration. Rather, Defendants' bases for reconsideration simply consist of arguments that were or could have been made in response to the Motion for Summary Judgment and express disagreement with this Court's Order. Defendants' disagreement with the Court's Order is the proper subject of an appeal, but does not justify reconsideration.

The Court next turns to Defendants' third identified basis for reconsideration—that the Court order is silent on Plaintiff's claims regarding Alter Ego and Unjust Enrichment, so the Judgment is not a final Judgment subject to appeal because it does not deal with all claims raised by Plaintiff. Contrary to Defendants' argument, the Court specifically addressed the other claims in the summary judgment Order. Specifically, the Court stated:

> Because the Court finds that successor liability under a mere continuation theory applies, the Court need not address Plaintiff's arguments that two other theories of successor liability apply, that Palmisano Law is the alter ego of Palmisano & Associates or that Palmisano Law was unjustly enriched.

(Doc. 61 at 18). As such, the Court specifically addressed Plaintiff's alternative theories of liability. Moreover, Plaintiff's alternate theories of successor liability and alter ego were not separate counts of the complaint, but were merely theories of recovery under Plaintiff's breach of contract claim as alleged against Defendant Palmisano Law. Accordingly, because the alternate theories of successor liability and alter ego and were

not separate counts of the complaint, there was nothing for the Court to dismiss or enter judgment on.

Further, under Arizona law, although unjust enrichment may properly be listed as an alternative theory of recovery in the complaint, *see MacCollum v. Perkinson*, 913 P.2d 1097, 1106 (Ariz. Ct. App. 1996), unjust enrichment is an alternate theory of liability to a breach of contract claim. *See Trustmark Ins. Co. v. Bank One, Arizona, NA*, 48 P.3d 485, 492-493 (Ariz. Ct. App. 2002). Accordingly, because the Court granted Plaintiff relief on its breach of contract claim, it did not need to reach the merits of Plaintiff's unjust enrichment claim. Moreover, unjust enrichment cannot be proven when there is an alternate theory of recovery. *Freeman v. Sorchych*, 245 P.3d 927, 936 (Ariz. Ct. App. 2011) (stating that to prove unjust enrichment, movant must demonstrate the absence of a remedy provided by law). To the extent the Court's prior Order was unclear, the Court clarifies that Plaintiff's unjust enrichment claim was dismissed with prejudice in its prior Order.

Finally, it is improper for Defendants to attempt to submit evidence on reconsideration that could have been submitted in response to summary judgment.

Based on the foregoing, Defendants' Motion for Reconsideration (Doc. 66) is denied.

## II.   Plaintiff's Motion for Attorneys' Fees (Doc. 63)

Plaintiff moves for attorneys' fees pursuant to Arizona Revised Statutes section 12-341.01 and pursuant to the express language of its contracts with Defendants. Defendants did not file a timely response to Plaintiff's Motion for Attorneys' Fees and did not otherwise seek additional time to respond to the motion. The Court could deem Defendants' failure to respond to the motion for attorneys' fees to be consent to the Court granting the Motion. *See* LRCiv 7.2(i) (stating that, if the required answering memoranda are not served and filed, such noncompliance may be deemed consent to the granting of the motion and the Court may dispose of the motion summarily). However,

the Court will grant Defendants an additional ten days from the date of this Order to respond to Plaintiff's Motion for Attorneys' Fees (Doc. 63). Plaintiff shall have seven days from the date the response is filed to file a reply in support of their Motion for Attorneys' Fees. However, if Defendants fail to file a response within ten days of the date of this Order, the Court will deem the non-response consent to granting the Motion for Attorneys' Fees and will award such attorneys' fees without further notice to the Parties. Moreover, Defense counsel is warned that, in future cases, he must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court and should not rely on the Court granting sua sponte extensions of time.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion for Reconsideration (Doc. 66) is denied.

**IT IS FURTHER ORDERED** that Defendants shall file a response to Plaintiff's Motion for Attorneys' Fees (Doc. 63) within ten days of the date of this Order. Plaintiff shall have seven days from the date the response is filed to file a reply in support of their Motion for Attorneys' Fees (Doc. 63). If Defendants fail to file a response within ten days of the date of this Order, the Court will deem the non-response consent to granting the Motion for Attorneys' Fees and will award such attorneys' fees without further notice to the Parties.

Dated this 5th day of September, 2013.

James A. Teilborg
Senior United States District Judge